Eli Gleason, Joseph Gleason, and Chauncey Hitchcock, appellants, *v.* George W. Edmunds, appellee.

*Appeal from La Salle.*

In order to sustain an action for trespass, under the " *Act to define the extent of Possession, in Cases of Settlement on Government Lands,*" it is not necessary that the premises should be enclosed by a fence ; nor is it necessary that the plaintiff should be settled on the same tract of land upon which the trespass was committed, or one immediately adjoining it.

A plea of justification for several defendants, in an action of trespass, must be sustained as to the whole, or none; under it a part cannot be acquitted, and a part convicted.

In an action for trespass on government lands, under the " *Act to define the extent of Possession, in Cases of Settlement on Government Lands,*" the Court permitted the following questions to be asked a witness, though objected to by the defendants, to wit:

1.  What is the custom of the neighborhood in relation to holding claims ?

2.  If two pieces of land be claimed, one on the prairie and one in the timber, not exceeding 320 acres in all, what is the custom in your neighborhood in relation to it ?

3.  How is land so claimed in your neighborhood counted, as one or two claims ? *Held,* that there was no error.

In the same case, the Court instructed the jury, that the question of settlement was one of fact applied to the act, to be ascertained by the neighborhood of

Gleason *et al. v.* Edmunds.

country in which the trespass was committed; and if the jury believed, from the evidence, that the plaintiff had settled on the unsurveyed public lands, according to the spirit and intendment of the act referred to, and such claim did not exceed 320 acres, and was ascertained by landmarks so plainly made that the same might be designated from other lands contiguous thereto, in the same neighborhood of country, that they might find for the plaintiff, if they also believed from the evidence, that the defendant had committed trespasses on the plaintiff's claim.

The Court further said, that if the jury believed from the evidence, that the plaintiff was a man without a family, yet, if they believed he had made all the landmarks mentioned in the' statute, and was, by the witnesses of the neighborhood, considered after such marks, a settler, that then they also might thus find, as that was a question of fact for the jury to determine, from the evidence, and not for the Court.

The Court also instructed the jury, that if they believed from the evidence, that this claim, not exceeding 320 acres, was separate, the prairie disconnected from the timber; and that if they believed it was one claim, from the witnesses from the same neighborhood of country where the claim was made, that then they might find that fact, if the trespasses were committed on one of the pieces, so recognised by the neighborhood, as the plaintiff's claim.

The Court also instructed the jury, that if they should believe from the evidence, that one of the defendants had, prior to the settlement on the claim spoken of, erected a brush fence, and he, at the time of the supposed trespasses, resided not on this, but on his own land, bought of government; and this fence was broken down, or in part taken away, so as not to make it an enclosure as contemplated by law, that his former act of making the fence, was no justification to the trespass, unless he resided on the land, or claimed it according to the meaning of the statute in question : *Held,* that the instructions were not erroneous.

This was an action of *trespass quare clausum fregit,* brought by Edmunds against the appellants in the La Salle Circuit Court. The cause was submitted to a jury at the September term, 1838, the Hon. John Pearson presiding, upon the plea of not guilty. A verdict was rendered for the plaintiff for $ 24. A motion was made for a new trial, which was overruled. Judgment was rendered upon the verdict of the jury. The defendants appealed to this Court.

The bill of exceptions discloses the following facts :

" Be it remembered, that on the trial of this cause by a jury, plaintiff called a witness, Mr. Platt, and asked him, among other questions, ' What acts of improvement or cultivation has the plaintiff done on the public unsurveyed lands in this county ? ' objected to by defendants, admitted by the Court ; plaintiff next asked same witness, ' What is the custom of the neighborhood in relation to holding claims ? ' objected to by defendant, and admitted by the Court. The plaintiff then asked witness, ' If two pieces of land be claimed, one on the prairie, and one in the timber, not exceeding 320 acres in all, what is the custom in your neighborhood in relation to it ? ' objected to, and overruled. Next question, ' How is land so claimed in your neighborhood counted, one or two claims ? ' objected to, but overruled and asked. The defendants' counsel asked, among other instructions, the Court to instruct the jury, ' That unless the jury shall believe

from the evidence, that the said plaintiff at the time of the com-
mitting of the said supposed trespasses, had the premises en-
closed by a fence, the law is for the defendants.' The Court
refused to give the instruction. Secondly, Defendants asked the
Court to instruct the jury, ' That the jury must believe from the
evidence, that the plaintiff at the time of the committing of the
trespasses, was settled upon the same government lands in said
declaration mentioned, and not on a separate and distinct tract of
land, than the one on which said supposed trespasses were com-
mitted, in order to enable the plaintiff to recover under the act
entitled ' *An Act to define the extent of Possession in Cases of
Settlement on the Public Lands*,' and that said settlement, under
said act, cannot extend the claim to separate tracts not adjoining
the one settled upon.'

   " Thirdly, ' That if the jury shall believe from the evidence, that
the only settlement of the plaintiff on the tract of land on which
the supposed trespasses are alleged to have been committed, con-
sists of the marking out of the claim, that such evidence does not
in law constitute a settlement.' The above instructions in the
words of them, were refused ; but the Court then instructed the
jury, that the question of settlement, was one of fact applied to the
act, to be ascertained by the neighborhood of country in which
the trespass was committed ; and if the jury believed from the
evidence, that the plaintiff has settled on the unsurveyed public
lands, according to the spirit and intendment of the act referred
to, and such claim did not exceed 320 acres, and was ascertained
by land-marks, so plainly made that the same might be designated
from other lands contiguous thereto, in the same neighborhood of
country, that they might find for the plaintiff, if they also believed,
from the evidence, that the defendant had committed trespasses on
the plaintiff's claim. The Court further said, that if the jury be-
lieved from the evidence, that the plaintiff was a man without a
family, yet, if they believed he had made all the land-marks men-
tioned in the statute, and was by the witnesses of the neighbor-
hood, considered after such marks, a settler, that then they also
might thus find, as that was a question of fact for the jury to de-
termine from the evidence, and not for the Court. The Court
also instructed the jury, that if they believed from the evidence,
that this claim, not exceeding 320 acres, was separate, the prairie
disconnected from the timber, and that they believed it was one
claim, from the witnesses from the same neighborhood of country
where the claim was made, that then they might find the fact, that
if the trespasses were committed on one of the pieces so recog-
nised by the neighborhood, as the plaintiff's claim. The Court
further instructed the jury, that a plea of justification for several
defendants, if bad in part, was bad for the whole ; and that if they
should believe from the evidence, that one of the defendants had

prior to the settlement on the claim spoken of, erected a brush fence, and he, at the time of the supposed trespasses, resided not on this, but on his own land bought of government, and this fence was broken down, or in part taken away, so as not to make it an enclosure, as contemplated by law, that his former acts of making the fence, were no justification to the trespass, unless he resided on the land, or claimed it according to the meaning of the statute in question ; and that, although one of the defendants might, under certain circumstances, be excused if he had rightly pleaded, but if they had all justified, when it was only a justification to part, that the law was for the plaintiff.

" To the giving of the last instructions, and refusing the ones asked, the counsel excepts, and prays this bill of exceptions to be signed and sealed ; which is done in open Court.

" JOHN PEARSON, [SEAL.] "

The errors assigned are as follows :

" The Court's permitting the following questions to be answered by the witness, Mr. Platt, to wit : ' What is the custom of the neighborhood in relation to holding claims ? '

" ' If two pieces of land be claimed, one on the prairie, and one in the timber, not exceeding 320 acres in all, what is the custom in your neighborhood in relation to it ? '

" ' How is land so claimed in your neighborhood counted, one or two claims ? '

" The Court's refusing to give the following instruction prayed for, to the jury, to wit ; ' That unless the jury shall believe from the evidence, that the said plaintiff (below) at the time of the committing of the said supposed trespasses, had the premises enclosed by a fence, that then the law is for the defendants.' The Court's refusing to give to the jury the second and third instructions prayed for, contained in the said bill of exceptions.

" The instructions given by the Court to the jury contained in said bill of exceptions."

G. SPRING, for the appellants.

J. D. CATON, for the appellee.

SMITH, Justice, delivered the opinion of the Court :

The errors assigned in this case question the correctness of the decision of the circuit judge, in permitting certain questions, stated in the bill of exceptions, to be answered by the witness ; and in refusing to give certain instructions prayed for by the counsel of the appellants in the Court below.

The peculiar character of the controversy in this case, arises out of an act of the legislature of this State, relative to claims upon the public lands of the United States, situated in this State, providing for the definition of the extent of settlements on the

public lands, and declaring that in cases of controversy, "the possession shall, in the absence of paper title, be considered, on the trial, as extending to the number of acres embraced by the claim of such person, according to the custom of the neighborhood in which such lands may be situated." (1)

Applying the questions propounded to the witness, under the principles of the law recited, no error is perceived in permitting answers to be given ; they were relevant to the matter in controversy, and regular ; nor is any error perceived in refusing to give the instructions asked. The matters seem to have been, as far as we can judge from the record, fully investigated, and we feel no disposition to disturb them.

The judgment is affirmed.

*Judgment affirmed.*

*Note.* See Webb *v.* Sturtevant, and note, 1 Scam. 183.

(1) Acts of 1837, 154 ; Gale's Stat. 436, 437.